IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

        Plaintiff,                      Civil No. 03-1638-HO

        v.                               ORDER

TODD OSTRER, et al.,

        Defendants.

    Plaintiff moves for default judgment against defendant Todd Ostrer, pursuant to Fed.R.Civ.P. 55(b), for entry of a permanent injunction, and for attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Ostrer. <u>See</u> Order dated April 14, 2005.

<u>Discussion</u>

    Upon default, the factual allegations of the complaint are generally taken as true, except the allegations relating to

damages.  <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).  The court is not required to make detailed findings regarding liability.  <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 889, 906 (9th Cir. 2002).  The complaint alleges that Ostrer, on or about April 28, 2001, purchased a "pirate access device" consisting of a "Boot Loader Board" from Computer Shanty using interstate or foreign wire facilities and the Postal Service or commercial mail carriers.  Complaint, ¶ 7.  The complaint further alleges that Ostrer (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), (2) imported or caused to be imported to the United States, manufactured, assembled, modified, sold or distributed signal theft devices, knowing or having reason to know that the design of such devices render them primarily for the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or for the purpose of assisting other persons in the unauthorized reception of DIRECTV's satellite transmission of television programming, in violation of 47 U.S.C. § 605(e)(4), and (3) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices in violation of 18 U.S.C.

2 - ORDER

§ 2511(1)(a). Complaint at 4-8.[1] Based on these allegations, the court finds Ostrer liable on plaintiff's first, second and third claims alleging violations of 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, resolution on the merits is not possible, because Ostrer has not appeared; the allegations of the first, second and third claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Ostrer's non-appearance; and nothing suggests Ostrer's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a) or 605(e)(4), the court may grant an injunction on such terms it deems just to restrain future violations of Section 605(a). 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Ostrer is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing

---

[1] Plaintiff withdraws its fourth claim for violation of 18 U.S.C. § 2512(1)(b). Pl's Motion at 2.

3 - ORDER

DIRECTV satellite transmissions in violation of 47 U.S.C. § 605(a), (2) importing, manufacturing, assembling, modifying, selling or distributing any electronic, mechanical or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or is intended to assist other persons in the unauthorized reception of DIRECTV's satellite transmission of television programming, in violation of 47 U.S.C. § 605(e)(4); and (3) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for violations of 47 U.S.C. §§ 605(a) and 605(e)(4), and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) or 605(e)(4) may recover statutory damages of not less than $1,000, or more than $10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a civil action, the court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

According to plaintiff's witness, Ostrer subscribed to DIRECTV services beginning in November, 1996, downgraded his

subscription from premium to basic level in March 1999, and disconnected his account in April 2002; Ostrer purchased a "boot loader board" on or about April 28, 2001; a "bootloader" is a hardware device designed to restore functionality to DIRECTV access cards previously disabled by plaintiff's electronic anti-piracy measures; in March and April, 2002, Ostrer joined websites dedicated to the exchange of information relating to the theft of DIRECTV programming; and upon all reasonable likelihood, Ostrer used the bootloader to view DIRECTV programming without payment. Sichler Decl. ¶¶ 28, 31, 48, 49, exs. 1-3.

Plaintiff's evidence proves that Ostrer may have been interested in intercepting or intended to intercept DIRECTV programming without payment, and one could conclude that he did so. Plaintiff has produced no direct evidence that Ostrer intercepted its signal or modified a signal theft device, however. While direct evidence is not invariably required, there are many innocent explanations for the reduction in services ordered by Ostrer. The lynchpin for liability for statutory damages is actual interception of a signal without authorization or modification of a signal theft devise. Based on the quality and quantity of plaintiff's circumstantial evidence, the court in its discretion declines to award statutory damages against Ostrer in this case.

Plaintiff is entitled to an award of reasonable attorneys'

5 - ORDER

fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $3,309.50, and costs in the amount of $77.63. Plaintiff submitted detailed documentation of attorney time expended. Smith Decl., Ex. 1. The fee request is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively. The rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187. The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar.

   The number of hours expended is unreasonable. First, the court will disallow 1.4 hours for attorney Smith and .5 hours for paralegal Zochert expended on plaintiff's unsuccessful motion to stay proceedings. Next, 6.2 hours expended by attorney Smith in researching questions regarding the use of circumstantial evidence to support statutory damage awards in default judgment proceedings and incorporating that research into plaintiff's

6 - ORDER

memorandum is excessive. Plaintiff has advanced the same arguments in several cases before this court. Were this the first time the issue arose, the amount would be reasonable. At this point, however, the legal issues regarding the court's treatment of circumstantial evidence are generally the same in every case, and plaintiff simply has disagreed with the court's prior decisions not to award statutory damages based on the quantity and quality of the circumstantial evidence presented by plaintiff in each case. The court has previously allowed attorney time expended on these issues in other cases. While plaintiff's attorneys' experience in handling numerous similar cases justifies a higher than average rate, that experience renders the amount claimed for researching these recurring legal issues excessive. The court finds that in this case, 2 hours is a reasonable time to research these legal issues and incorporate the results into plaintiff's memorandum. The court will disallow an additional 4.2 hours claimed by attorney Smith.

The court disallows a total of 5.6 hours claimed for attorney Smith and .5 hours claimed for paralegal Zochert. The court will award the requested fee amount less $1425.00 (for attorney Smith: 5.6 hours * $250 per hour = $1400; for paralegal Zochert: .5 hours * $50 per hour = $25). The court awards $1884.50 in reasonable attorneys' fees in this case.

The cost bill reflects costs expended for the filing fee,

7 - ORDER

process server, records search, photocopying and telephone charges. The costs appear reasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#27] and motion for attorney fees and costs [#30] relating to defendant Todd Ostrer are granted to the extent provided herein.

Todd Ostrer is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, (2) importing, manufacturing, assembling, modifying, selling or distributing any electronic, mechanical or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of DIRECTV's satellite transmissions of television programming, or is intended to assist other persons in the unauthorized reception of DIRECTV's satellite transmissions of television programming, in violation of 47 U.S.C. § 605(e)(4), and (3) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Todd Ostrer. The judgment shall provide that plaintiff

8 - ORDER

shall take no damages on its claims, and that plaintiff shall recover from Todd Ostrer $277.63 in costs, and $1,884.50 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 22nd day of March, 2006.

_____
Michael R. Hogan
United States District Judge

9 - ORDER